# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CRISTIAN MANUEL RODRIGUEZ ALVAREZ,** | : Case No. 2:26-cv-271 |
| **Petitioner,** | : Judge Algenon L. Marbley |
| vs. | : Chief Magistrate Judge Stephanie K. Bowman |
| **KRISTI NOEM, Secretary, United States Department of Homeland Security,** *et al.*, | |
| **Respondents.** | |

## ORDER OF TRANSFER

Petitioner, a detainee in federal custody at the Seneca County Jail in Tiffin, Ohio, has filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by Respondents. The matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order 22-05. Upon review, the Undersigned concludes that the matter should be transferred to the Western Division for the United States District Court for the Northern District of Ohio.

The proper venue for a § 2241 petition challenging a detainee's "present physical confinement" is the judicial district where the petitioner is confined or where his custodian is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). *See also Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024) ("Today we affirm the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241,

including those filed by immigrant detainees."); *Cid-Barrios v. Raycraft*, No. 25-13630, 2025 WL 3724377, at *1 (E.D. Mich. Dec. 24, 2025) (although the field office director for enforcement and removal operations is the "immediate custodian," the director must be sued, *i.e.*, the petition must be filed, in the district of confinement). Here, Petitioner challenges his present physical custody at the Seneca County Jail in Tiffin, Ohio. (Doc. 1). Seneca County falls within the Western Division of the United States District Court for the Northern District of Ohio. Accordingly, that is the proper venue for this action.

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which mandates the transfer of such an action 'if the transfer is in the interest of justice.'" *Martin v. Call*, No. 3:24-cv-P237-CRS, 2024 WL 1702117, at *1 (W.D. Ky. Apr. 19, 2024) (quoting *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) (finding that § 1631 allows transfers of habeas petitions)). Here, because Petitioner alleges facts suggesting that time is of the essence, the Undersigned concludes that a transfer, rather than dismissal, is appropriate.

Accordingly, the Clerk of Court is **DIRECTED TO TRANSFER** this matter to the United States District Court for the Northern District of Ohio, Western Division, for review and all further proceedings.

The Clerk is hereby **DIRECTED** to terminate this case, Case No. 2:26-cv-271, from the Court's docket.

**IT IS SO ORDERED.**

March 10, 2026                                        *s/Stephanie K. Bowman*
                                                                        STEPHANIE K. BOWMAN
                                                                        Chief United States Magistrate Judge